AO 241
(Rev. 10/07)

FILED

E-filing

OCT 3 1 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

CRB

(PR)

| **United States District Court** | District: Northern District of California |
|---|---|

| Name (under which you were convicted): Milan Pakes | Docket or Case No.: |
|---|---|

| Place of Confinement: Pleasant Valley State Prison Coalinga, CA 93210 | Prisoner No. V-30733 | CV 11 5284 |
|---|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Milan Pakes | v. Robert H. Trimble |

The Attorney General of the State of California

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Santa Clara County Superior Court
    San Jose, CA

    (b) Criminal docket or case number (if you know):  CC131032

2.  (a) Date of the judgment of conviction (if you know): 11/14/2007

    (b) Date of sentencing:  8/9/2010

3.  Length of sentence:  25 years to life

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Child endangerment (Penal Code section 273a)
    Evading the police (Vehicle Code section 2800.2)
    Hit and run (Vehicle Code section 20002)

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty      ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty          ☐ (4)  Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

    ☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    Sixth District Court of Appeal

(b) Docket or case number (if you know):    H032734; H035960

(c) Result:    Affirmed with possible reduction of sentence; affirmed with minor modifications

(d) Date of result (if you know):    10/16/2009; 05/25/2011

(e) Citation to the case (if you know):    179 Cal.App.4th 125

(f) Grounds raised:
See Exhibits A and B

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

    If yes, answer the following:

    (1) Name of court:    California Supreme Court

    (2) Docket or case number (if you know):    S178689

    (3) Result:
    Affirmed

    (4) Date of result (if you know):    2/18/2010

(5) Citation to the case (if you know):

(6) Grounds raised:
    See Attachment C

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
    concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court:  Sixth District Court of Appeal

         (2) Docket or case number (if you know):  H036227

         (3) Date of filing (if you know):  11/5/2010

         (4) Nature of the proceeding:  Petition for writ of habeas corpus

         (5) Grounds raised:
             See Attachment D

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes  ☑ No

    (7) Result:  Denied

    (8) Date of result (if you know):  5/25/2011

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐  Yes   ☐  No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
       laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
       supporting each ground.

       CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
       remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
       grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
Petitioner was deprived of the effective assistance of counsel under the Sixth and Fourteenth Amendments
when his trial attorney agreed to the stipulation that petitioner reasonably believed that he would go to prison if
he was apprehended by the police
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Exhibit E, pp. 14-26

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:      Petition for writ of habeas corpus

Name and location of the court where the motion or petition was filed:

Sixth District Court of Appeal
San Jose, CA

Docket or case number (if you know):      H036227

Date of the court's decision:      5/25/2011

Result (attach a copy of the court's opinion or order, if available):

Denied
See Exhibit F

(3) Did you receive a hearing on your motion or petition?                                                 ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?                                        ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
California Supreme Court
San Francisco, CA

Docket or case number (if you know):      S194379

Date of the court's decision:      8/31/2011

Result (attach a copy of the court's opinion or order, if available):

Denied
See Exhibit G

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**
Petitioner was deprived of due process under the Fifth and Fourteenth Amendments when the prosecutor failed
to provide the defense with a copy of the San Jose police department vehicle pursuit policy which was in effect
on December 15, 2001
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Exhibit E, pp. 26-31

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:        Petition for writ of habeas corpus

Name and location of the court where the motion or petition was filed:

Sixth District Court of Appeal
San Jose, CA

Docket or case number (if you know):        H036227

Date of the court's decision:        5/25/2011

Result (attach a copy of the court's opinion or order, if available):

Denied
See Exhibit F

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☑ | No |
| (4) Did you appeal from the denial of your motion or petition? | ☑ Yes | ☐ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☑ Yes | ☐ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
California Supreme Court
San Francisco, CA

Docket or case number (if you know):      S194379

Date of the court's decision:      8/31/2011

Result (attach a copy of the court's opinion or order, if available):

Denied
See Exhibit G

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**
Petitioner was deprived of the effective assistance of counsel under the Sixth and Fourteenth Amendments
when his trial attorney failed to obtain a copy of the San Jose police department vehicle pursuit policy.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Exhibit E, pp. 31-32

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Petition for writ of habeas corpus

Name and location of the court where the motion or petition was filed:
Sixth District Court of Appeal
San Jose, CA

Docket or case number (if you know):     H036227

Date of the court's decision:     5/25/2011

Result (attach a copy of the court's opinion or order, if available):

Denied
See Exhibit F

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
California Supreme Court
San Francisco, CA

Docket or case number (if you know):     S194377

Date of the court's decision:     8/31/2011

Result (attach a copy of the court's opinion or order, if available):

Denied
See Exhibit G

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**
Petitioner was deprived of due process under the Fifth and Fourteenth Amendments due to the false testimony given by Officer Gonzalez

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Exhibit E, pp. 33-37

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:        Petition for writ of habeas corpus

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND  FIVE:**
Petitioner was deprived of a fair trial under the Fifth, Sixth and Fourteenth Amendments due to the cumulative prejudice flowing from the several errors that occurred at his trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Exhibit E, pp. 38-39

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground  Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state **appellate court?**

☑  Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Petition for writ of habeas corpus`

Switch Client | Preferences | Help | Sign Out

| Search | Get a Document | *Shepard's*® | More | | History | Alerts |
|---|---|---|---|---|---|---|

**FOCUS™** Terms "in re" w/15 Russo      Search Within   Original Results (1 - 27)      View
Advanced...                                                                        Tutorial
Source: **Legal > / . . . / > CA Criminal Cases** i̇
Terms: **"in re" w/15 Russo**  (Edit Search | Suggest Terms for My Search)

❧Select for FOCUS™ or Delivery
☐

*194 Cal. App. 4th 144, \*; 2011 Cal. App. LEXIS 419, \*\**

**In re VINCENT RUSSO on Habeas Corpus.**

D057405

COURT OF APPEAL OF CALIFORNIA, FOURTH APPELLATE DISTRICT, DIVISION ONE

194 Cal. App. 4th 144; 2011 Cal. App. LEXIS 419

April 8, 2011, Filed

**PRIOR HISTORY: [\*\*1]**
Superior Court No. HC18275.

**DISPOSITION:** Relief denied.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** The California Board of Parole Hearings found petitioner inmate not suitable for parole. The inmate had been incarcerated since 1985, when he was sentenced to prison for life with the possibility of parole for pleading guilty to one count of kidnapping to commit robbery, one count of attempted murder, and enhancements for inflicting great bodily injury and use of a firearm. The inmate sought habeas corpus relief.

**OVERVIEW:** The court held that there was "some evidence" in the record supporting the board's conclusion that the inmate was currently dangerous to the public. The evidence supported the finding of the Board that the inmate had not yet accepted full responsibility for his life crime—a finding also supported by the fact that the inmate remained a fugitive for six years after the life crime, when he and his family moved from place to place and lived under various aliases to avoid detection and apprehension. The inmate's abstract explanation minimized his involvement and presented conflicts with official accounts of the facts and circumstances surrounding the life crime. Moreover, the inmate's eagerness to embrace his accountability did not cure the inconsistency and ambiguity in his mental state and attitude. The court concluded that the Board's decision to apply the 2008 amendment to Pen. Code, § 3041.5, subd. (b)(3), when scheduling the inmate's next parole hearing three years from the July 2009 hearing did not violate the constitutional prohibitions against ex post facto application of the law. The amendment effected no change in an inmate's crime and did not increase his sentence.

**OUTCOME:** The court denied the relief sought in the inmate's petition for writ of habeas corpus.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND SIX:**
The trial court erred under the due process clause of the Fifth and Fourteenth Amendments by instructing the
jury that petitioner bore the burden of proving that his act of driving over 35 mph was not violative of the basic
speed law
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Exhibit H, pp. 49-58

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Six:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state appellate court?

☐    Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND ̄SEVEN:**
The trial court erred under the due process clause of the Fifth and Fourteenth Amendments by allowing the jury
to consider a violation of Vehicle Code section 21650 as one of the qualifying Vehicle Code **violations.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Exhibit H, pp. 41-45

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Seven:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☑ Yes       ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes       ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Sixth District Court of Appeal
San Jose, CA

Docket or case number (if you know):     H036227

Date of the court's decision:     5/25/2011

Result (attach a copy of the court's opinion or order, if available):

Denied
See Exhibit F

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☑ No |
| (4) Did you appeal from the denial of your motion or petition? | ☑ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☑ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

California Supreme Court
San Francisco, CA

Docket or case number (if you know):     S194379

Date of the court's decision:     8/31/2011

Result (attach a copy of the court's opinion or order, if available):

Denied
See Exhibit G

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

Name and location of the court where the motion or petition was filed:

Sixth District Court of Appeal
San Jose, CA

Docket or case number (if you know): H036227

Date of the court's decision: 5/25/2011

Result (attach a copy of the court's opinion or order, if available):

Denied
See Exhibit F

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☑ No |
| (4) Did you appeal from the denial of your motion or petition? | ☑ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☑ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

California Supreme Court
San Francisco, CA

Docket or case number (if you know): S194379

Date of the court's decision: 8/31/2011

Result (attach a copy of the court's opinion or order, if available):

Denied
August 31, 2011

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:
      Allen Schwartz
      111 W. St. John Street, Suite 555, San Jose, CA 95113
(d) At sentencing:


(e) On appeal:
      Dallas Sacher
      100 N. Winchester Blvd., Suite 310, Santa Clara, CA 95050
(f) In any post-conviction proceeding:
      Same as above

(g) On appeal from any ruling against you in a post-conviction proceeding:


17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes      ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?               ☐ Yes      ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review
        with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
        limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

Milan Pakes          9/26/2011
_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

ALAN PAKES J-30733
easant Valley State Prison
D5 facility 225 low
0. Box 8504
alinga, CA. 92716


neopost
$05.150
10/25/2011
Mailed From 93211
US POSTAGE

FEDERAL DISTRIC COURT
450 Golden Gate Avenue
Box 36060
San Francisco, CA.
94102

RECEIVED
OCT 27 2011
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THIS WAS MAILED BY A PLEASANT VALLEY STATE PRISON

10/24/11