IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MILAN PAKES, J-30733, | ) | |
| Petitioner, | ) | No. C 11-5284 CRB (PR) |
| vs. | ) | ORDER TO SHOW CAUSE |
| P. D. BRAZELTON, Acting Warden, | ) | (Docket # 2 & 3) |
| Respondent. | ) | |

Petitioner, a state prisoner incarcerated at Pleasant Valley State Prison (PVSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Santa Clara County Superior Court. He also seeks appointment of counsel and leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury of child endangerment, evading a police officer, and hit and run causing property damage. In a bifurcated proceeding, petitioner admitted the allegations that he had two prior strike convictions and served a prior prison term. On February 29, 2008, the trial court sentenced petitioner to an indeterminate prison term of 25 years to life to run consecutive to a determinate term of four years.

On October 16, 2009, the California Court of Appeal concluded that the four-year term should have been stayed, and reversed the judgment and remanded for resentencing. It also denied petitioner's accompanying application for habeas corpus relief.

On February 18, 2010, the Supreme Court of California denied review.

On August 9, 2010, the trial court resentenced petitioner to an indeterminate prison term 25 years to life.

On May 25, 2011, the California Court of Appeal modified the abstract of judgment to reflect that the four-year term had been stayed and otherwise affirmed the judgment. It also denied petitioner's accompanying application for habeas corpus relief.

On August 31, 2011, the Supreme Court of California denied review.

On October 31, 2011, petitioner filed the instant federal petition.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief by raising several claims, including ineffective assistance of counsel, suppression of evidence, false testimony and instructional error. Liberally construed, the claims appear

cognizable under § 2254 and merit an answer from respondent. See <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

C. <u>Motion for Appointment of Counsel</u>

Petitioner's request for appointment of counsel (docket # 3) is DENIED without prejudice. See <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner adequately presented his claims for relief in the petition and an order to show cause is issuing. Accord <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The court will appoint counsel on its own motion if an evidentiary hearing is later required. See <u>Knaubert</u>, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed IFP (docket # 2) is GRANTED.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of

habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  Feb. 7, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Pakes, M.11-5284.osc.wpd